# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Joseph Potvin, and Janice Potvin<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>Paul Law Office, PLLC; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendant. | Civil Action No.: _____<br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiffs, Joseph Potvin and Janice Potvin, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Hampshire.

## PARTIES

4. The Plaintiffs, Joseph Potvin and Janice Potvin ("Plaintiff"), are adult individuals residing in Nashua, New Hampshire, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Paul Law Office, PLLC ("Paul"), is a Utah business entity with an address of 230 West 200 South Suite 3301, Salt Lake City, Utah 84101, operating as a collection

agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Paul and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Paul at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Paul for collection, or Paul was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Paul Engages in Harassment and Abusive Tactics

### FACTS

12. Paul has placed several calls to Plaintiffs, and to Janice Paul's parents who are uninterested third parties, in an attempt to collect the Debt.

13. Plaintiff Janice Potvin has indicated to Paul that the only person authorized to speak on her behalf is her husband Joseph Potvin.

14. Paul knows that Plaintiff Janice Paul does not reside at her parent's house. She has not lived at her parent's house for over 5 years.

15. Paul knows that the plaintiff can be reached at her own house which is a separate address from her parents, and Paul knows that Janice Potvin can be reached at the phone at her own house.

16. Paul regularly leaves voicemails with Plaintiff and Plaintiff's parents about a "legal matter." Paul has not taken any legal action against Plaintiff to date. Further, the Debt is past the statute of limitations under New Hampshire State Laws.

17. Plaintiff asked Paul it was a debt collector. Paul stated that it was not.

18. Plaintiff sent a letter to Paul via certified mail requesting that Paul cease placing calls to either Plaintiff or any third parties in an attempt to collect the Debt.

19. Paul signed for and received Plaintiff's letter on April 1, 2011.

20. Paul placed a subsequent call to Plaintiff's parents on April 29, 2011.

21. To date, Paul has not sent any written validation to Plaintiff despite plaintiff's request for a statement indicating who the original creditor is.

22. Paul has not provided the plaintiff with "mini-miranda".

C. **Plaintiff Suffered Actual Damages**

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25. The Defendants' conduct was so outrageous in character, and so extreme in

degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so. Indeed the defendant willfully and knowingly contacted third parties after specifically being told in writing not to do so.

28. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

29. The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

4

34. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

35. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

36. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

37. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

38. The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATIONS OF NEW HAMPSHIRE'S UNFAIR, DECEPTIVE OR UNREASONABLE COLLECTION PRACTICES ACT, 358-C, et seq.**

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set herein at length.

40. The Debt arose from a credit transaction for family, household or personal purposes and meets the definition of a "consumer credit transaction" under RSA 358-C:1, II.

41. The Plaintiff is a "consumer" under RSA 358-C:1, I.

42. The Defendants are "debt collector[s]" as defined by RSA 358-C:1, VIII.

43. The Defendants' conduct violated RSA 358-C:3 (I)(a) in that Defendants caused the Plaintiff's phone to ring repeatedly and engaged the Plaintiff in telephone conversations at unusual or inconvenient times with the intent to abuse, oppress or harass.

44. The Defendants' conduct violated RSA 358-C:3, IV(c)(2) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so. Indeed the defendant willfully and knowingly contacted third parties after specifically being told in writing not to do so.

45. The Defendants' conduct violated RSA 358-C:3, VII in that Defendants falsely represented the character, extent or amount of the debt or its status in any legal proceeding.

46. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the RSA 358-C, including every one of the above-cited provisions.

47. The Plaintiff is entitled to damages as a result of Defendants' violations.

48. Pursuant to RSA 358-C:4, the Plaintiff is entitled to statutory damages in the amount of $200 for each violation of RSA-C:3, and reasonable attorney's fees and cost.

## COUNT III
## VIOLATIONS OF NEW HAMPSHIRE'S REGULATIONS OF BUSINESS PRACTICES FOR CONSUMER PROTECTION ACT, 358-A:10, et seq.

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

50. RSA 358-C:4, VI provides that violations of New Hampshire's Unfair Collection Practices Act, RSA 358-C, et seq., constitute an unfair and deceptive act or practice under RSA 358-A:2.

51. The above violations of RSA 358-C are each violations of RSA 358-A:2.

52. Therefore, pursuant to RSA 358-A:10, the Plaintiff is entitled to statutory damages of at least $1,000 and as much as $3,000, plus costs for each violation for RSA 358-C.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), RSA 358-C:4 and RSA 358-A:10;

4. Statutory damages pursuant to RSA 358-C:4;

5. Statutory damages pursuant to RSA 358-A:10;

6. Punitive damages; and

7. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 27, 2011

Respectfully submitted,

By ___/s/ James D. Kelly_____

James D. Kelly, Esq. (BNH 16177)
Getman, Schulthess & Steere
3 Executive Park Drive, Suite 9
Bedford, NH 03110
(603) 634-4300
**Of Counsel to**
Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
(203) 653-2250

7