**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Joseph Potvin and
Janice Potvin

    v.                              Civil No. 11-cv-308-LM

Paul Law Office, PLLC


**O R D E R**


    Joseph and Janice Potvin have sued Paul Law Office, PLLC

("PLO"), in three counts.[1]  They seek statutory damages under:

(1) the federal Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692 (Count I); (2) the New Hampshire statute

prohibiting unfair collection practices, N.H. Rev. Stat. Ann.

("RSA") ch. 358-C (Count II); and (3) New Hampshire's Consumer

Protection Act, RSA ch. 358-A (Count III).  The Potvins' claims

arise out of "several" telephone calls that, according to the

Potvins, PLO made to them and to the parents of one of them, in

an attempt to collect a debt.  When PLO failed to appear,

default was entered against it.  See doc. no. 13.  Before the

court is the Potvins' motion for default judgment pursuant to

Rule 55(b)(2) of the Federal Rules of Civil Procedure.  For the

_____
    [1] Does 1-10, identified as defendants in the Potvins'
complaint, have been voluntarily dismissed.  See doc. no. 12.

reasons that follow, the Potvins' motion for default judgment is denied.

## The Legal Standard

"Because default has entered, the defendant[ ] [is] 'taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability.'" S.E.C. v. New Futures Trading Int'l Corp., No. 11-cv-532-JL, 2012 WL 1378558, at *1 (D.N.H. Apr. 20, 2012) (quoting Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002)). Moreover, "[w]here a court has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object, the court has the discretion to order default judgment 'without a hearing of any kind.'" Banco Bilbao Vizcaya Argentaria v. Family Rests., Inc. (In re The Home Rests., Inc.), 285 F.3d 111, 114 (1st Cir. 2002) (quoting HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 919 (1st Cir. 1988)). However, while "a defaulting party admits the factual basis of the claims asserted against it, the defaulting party does not admit the legal sufficiency of those claims." 10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2011) (citing Quirindongo

2

Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992)).

Rather, "[t]he claimant must state a legally valid claim for

relief," 10 Moore's, supra, and "[a] court may grant judgment by

default only for relief that may lawfully be granted on the

well-pleaded facts alleged by the claimant," id. (emphasis

added).  In other words, "a district court may, after entry of

default, still conclude that a complaint fails to state a

claim."  Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527,

537 n.5 (1st Cir. 2011) (citing Ramos-Falcón v. Autoridad de

Energía Eléctrica, 301 F.3d 1, 2 (1st Cir. 2002)).

## Discussion

In their motion for default judgment, the Potvins argue

that their complaint states legally valid claims for relief

under the FDCPA as well as the New Hampshire statutes on which

they base Counts II and III.  After carefully examining the

complaint, the court does not agree; none of the Potvins' claims

adequately "state a specific, cognizable claim for relief,"  In

re Home Restaurants, 285 F.3d at 114.  In the discussion that

follows, the court begins by describing the factual allegations

in the complaint, and then examines each of the Potvins' claims.

A. Factual Allegations

The core factual allegations of the Potvins' complaint are these:

> Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").
>
> The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and . . . meets the definition of a "debt" under 15 U.S.C. § 1692a(5).
>
> The Debt was purchased, assigned or transferred to [PLO] for collection, or [PLO] was employed by the Creditor to collect the Debt.
>
> The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

Compl. ¶¶ 8-11.  The complaint then alleges that PLO "placed several calls to Plaintiffs, and to Janice Paul's [sic] parents who are uninterested third parties, in an attempt to collect the Debt," id. ¶ 12, and that PLO "regularly leaves voicemails with Plaintiff and Plaintiff's parents about a 'legal matter,'" id. ¶ 16.  Finally, the complaint alleges:

> Plaintiff asked [PLO] [if] it was a debt collector.  [PLO] stated that it was not.
>
> Plaintiff sent a letter to [PLO] via certified mail requesting that [PLO] cease placing calls to either Plaintiff or any third parties in an attempt to collect the Debt.
>
> [PLO] signed for and received Plaintiff's letter on April 1, 2011.

4

> [PLO] placed a subsequent call to Plaintiff's parents on April 29, 2011.
>
> To date, [PLO] has not sent any written validation to Plaintiff despite [P]laintiff's request for a statement indicating who the original creditor is.
>
> [PLO] has not provided the plaintiff with [a] "mini-miranda".

Compl. ¶¶ 17-22.

Several things are notable about the Potvins' factual allegations.  First, while paragraph eight mentions generally a financial obligation, and paragraph nine describes that debt as meeting the relevant statutory definition, the complaint includes no further factual allegations about the debt. Similarly, the Potvins assert that "the Debt is past the statute of limitations under New Hampshire State Laws," Compl. ¶ 16, but without any factual allegations concerning the debt, such as when it was incurred, the assertion that it lies outside the statute of limitations is a mere legal conclusion worthy of no consideration.  See United Auto. Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 41 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011).  Beyond that, while the Potvins allege that PLO

was a debt collector, and was attempting to collect a debt from them, the complaint makes no allegations about the content of any of PLO's communications, other than mentioning "voicemails . . . about a 'legal matter.'"[2]  Thus, based on the allegations in the complaint, this is not a case such as <u>Clayson v. Rubin & Rothman, LLC</u>, in which "anyone who overheard the messages that [the defendant] left on plaintiff's mother's answering machine would know that [the plaintiff] owed a debt that was being collected by" the defendant.  751 F. Supp. 2d 491, 495 (W.D.N.Y. 2010) (internal quotation marks omitted).  As for the calls themselves, the complaint alleges their number and frequency only in the vaguest terms.  As for their timing, it indicates the date of only one call, the one allegedly made to the parents of Janice Potvin ("Janice") on April 29, 2011.  The Potvins also make no allegations about when, during the day, they received any of PLO's telephone calls.

---

[2] The Potvins go a step further in the memorandum of law in support of their motion for default judgment, arguing that "[d]espite speaking to Plaintiffs on numerous occasions, not a single time did Paul Law Office state that they were debt collectors calling to collect the debt."  Pls.' Mem. of Law (doc. no. 14-1), at 5.  If PLO never told the Potvins it was attempting to collect a debt, that would seem to undermine the allegation in their complaint, that PLO "attempted to collect the Debt and, as such, engaged in 'communications' as defined in [the FDCPA]."  Compl. ¶ 12.

B. Count I

In Count I of their complaint, the Potvins assert that PLO committed six violations of the FDCPA.[3]  In their memorandum of law, they address four of the six.[4]  Notwithstanding the very thin factual pleading in the complaint, and the Potvins' curious statement in their memorandum of law that PLO <u>never</u> identified itself as a bill collector, the allegations in paragraphs nine through eleven of the complaint are sufficient, if barely, to establish that PLO was a debt collector, and attempted to collect a debt from the Potvins.  Even so, all six of the Potvins' claims under the FDCPA fail as a matter of law.

1. 15 U.S.C. § 1692b(3)

The Potvins first assert that "[t]he Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous

---

[3] Paragraphs twenty-seven through thirty-six purport to describe ten separate FDCPA violations, but paragraphs thirty-two through thirty-six each arise out of 15 U.S.C. § 1692g(a), which requires that debt collectors provide consumers with five separate pieces of information within five days after initial contact.  In addition, the Potvins suggest, in their memorandum of law, that PLO violated § 1692a(6).  Section 1692a(6), however, is a part of the FDCPA's definition section, rather than a provision that establishes a cause of action.

[4] The Potvins' memorandum of law does not mention their claims under §§ 1692c(a)(1) and (c).

occasions, without being asked to do so [and] willfully and knowingly contacted third parties after specifically being told in writing not to do so."  Compl. ¶ 27.[5]  Section 1692b is titled "Acquisition of location information," and it prescribes the manner in which a debt collector must acquire information about the location of a consumer from a third party.  The specific portion of § 1692b on which the Potvins rely provides as follows:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> . . . .
>
> **(3)** not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

15 U.S.C. § 1692b(3).

The claim asserted in paragraph twenty-seven fails for reasons that will become a familiar refrain in the balance of this order: a lack of adequate factual allegations.  The only factual allegation in the Potvins' complaint concerning the

---

[5] While it is not perfectly clear, this appears to be the claim that the Potvins describe in their memorandum of law as arising under § 1692a(6), the FDCPA provision that defines the term "debt collector."

contents of the communications directed toward Janice's parents, the only third parties mentioned anywhere in the complaint, is that PLO left voicemail messages about a "legal matter."  That is not a fact that, if proven, would subject PLO to liability for contacting Janice's parents for the purpose of collecting location information about her, which is the conduct regulated by § 1692b.

The Potvins also allege that PLO has placed "several" calls to them and to Janice's parents, "in an attempt to collect the debt."  Compl. ¶ 12.  Again, without allegations concerning precisely what PLO said to whom, the Potvins have not made a factual allegation but, rather, they have drawn a legal conclusion.  See United Auto. Workers, 633 F.3d at 41 (explaining that mere legal conclusions do not state a claim); 10 Moore's, supra (explaining that defaulting party does not admit the legal sufficiency of the claims asserted against it).  Moreover, even if the Potvins had properly alleged communications directed toward Janice's parents by PLO in connection with the collection of a debt, conduct of that sort falls outside the ambit of § 1692b, and is governed, instead, by § 1692c(b), one of the few FDCPA provisions the Potvins have not invoked in either their complaint or their motion for default

judgment.  Obviously, the court cannot grant relief on claims
the Potvins have not brought.

### 2. 15 U.S.C. § 1692c(a)(1)

According to the Potvins' complaint, "[t]he Defendants'
conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants
contacted the Plaintiff at a place and during a time known to be
inconvenient for the Plaintiff."  Compl. ¶ 28.  The statute on
which the Potvins rely bars a debt collector from, among other
things, communicating with a consumer at "a time or place known
or which should be known to be inconvenient to the consumer."
15 U.S.C. § 1692c(a)(1).  Sections 1692c(a)(1) and (3) describe
the statutory presumptions about convenient times and places.
Because the complaint includes no allegations about when or
where PLO contacted the Potvins, and includes no allegations
about what times and places PLO knew to be inconvenient to the
Potvins, the FDCPA violation asserted in paragraph twenty-eight
is merely a "naked assertion[ ] devoid of further factual
enhancement [which] need not be accepted."  Plumbers' Union, 632
F.3d at 771 (quoting Maldonado v. Fontanes, 568 F.3d 263, 266
(1st Cir. 2009)); see also United Auto. Workers, 633 F.3d at 41
("[a] pleading that offers 'labels and conclusions' or 'a
formulaic recitation of the elements of a cause of action will

not do.'") (quoting Iqbal, 556 U.S. at 678).  Accordingly, the
Potvins have failed to state a claim under § 1692c(a)(1).

### 3. 15 U.S.C. § 1692c(c)

The Potvins' complaint next asserts that "[t]he Defendants'
conduct violated 15 U.S.C. § 1692c(c) in that Defendants
contacted the Plaintiff after having received written
notification from the Plaintiff to cease communication."  Compl.
¶ 29.  The statute on which the Potvins rely bars communications
from a debt collector to a consumer after the consumer has
notified the debt collector of his or her desire not to be
contacted.  But, the only communication the complaint alleges
that postdates the Potvins' notification to PLO is a telephone
call to Janice's parents, who are not consumers, as that term is
defined by the statute, see 15 U.S.C. § 1692c(d) ("For the
purpose of this section, the term 'consumer' includes the
consumer's . . . parent (if the consumer is a minor) . . .").
Because the Potvins have not adequately alleged any
communication from PLO after April 1, 2011, that was directed
toward them, they have failed to state a claim under § 1692c(c).

### 4. 15 U.S.C. § 1692e(10)

The Potvins' fourth FDCPA claim is that "[t]he Defendants'
conduct violated 15 U.S.C. § 1692e(10) in that Defendants
employed false and deceptive means to collect a debt."  Compl. ¶
30.  The statute on which they rely bars "[t]he use of any false
representation or deceptive means to collect or attempt to
collect any debt or to obtain information concerning a
consumer."  15 U.S.C. § 1692e(10).  The problem with the
Potvins' claim under § 1692e(10) is that they do not adequately
allege any false representation or deceptive means that was
employed by PLO.  The closest they come is their allegation that
PLO left voicemails saying it was calling about a "legal matter"
but has never sued them.  That is insufficient, as a matter of
law, to make PLO's reference to a "legal matter" a false
representation actionable under § 1692e(10).  In short, as with
the claim asserted in paragraph twenty-eight, this claim is
nothing more than "a formulaic recitation of the elements of a
cause of action," United Auto. Workers, 633 F.3d at 41 (citation
omitted), that is insufficient to state a claim.

### 5. 15 U.S.C. § 1692e(11)

The Potvins' penultimate FDCPA claim is that "[t]he
Defendants' conduct violated 15 U.S.C. § 1692e(11) in that

Defendants failed to inform the consumer that the communication was an attempt to collect a debt." Compl. ¶ 31.  Under the statutory provision on which the Potvins rely:

> [T]he following conduct is a violation of this section:
>
>> . . . .
>>
>> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . . .

15 U.S.C. § 1692e(11).  Here, the Potvins accuse PLO of failing to inform them that "the communication was an attempt to collect a debt," Compl. ¶ 31, but they do not further identify or describe "the communication" on which they base their claim. Nor do they identify or describe the initial communication from PLO, which is the factual baseline for determining liability under § 1692e(11).  Finally, if the Potvins intend for the term "the communication" to refer to all the communications from PLO, an interpretation that is supported by their memorandum of law, see doc. no. 14-1, at 5, that raises yet another issue: if PLO never told the Potvins it was attempting to collect a debt, it

13

is difficult to see the basis for their allegation that PLO is,

in fact, a debt collector.  In any event, as with several of the

Potvins' other asserted violations of the FDCPA, this one is too

conclusory and too devoid of factual development to adequately

state a claim.  See United Auto. Workers, 633 F.3d at 41;

Plumbers' Union, 632 F.3d at 771.

6. 15 U.S.C. § 1692g(a)

The Potvins' final FDCPA claim, which arises under §

1692g(a), is also infirm.  That section provides:

> Within five days after the initial communication
> with a consumer in connection with the collection of
> any debt, a debt collector shall, unless the following
> information is contained in the initial communication
> or the consumer has paid the debt, send the consumer a
> written notice containing—
>
> **(1)** the amount of the debt;
>
> **(2)** the name of the creditor to whom the
> debt is owed;
>
> **(3)** a statement that unless the consumer,
> within thirty days after receipt of the notice,
> disputes the validity of the debt, or any portion
> thereof, the debt will be assumed to be valid by
> the debt collector;
>
> **(4)** a statement that if the consumer
> notifies the debt collector in writing within the
> thirty-day period that the debt, or any portion
> thereof, is disputed, the debt collector will
> obtain verification of the debt or a copy of a
> judgment against the consumer and a copy of such

> verification or judgment will be mailed to the
> consumer by the debt collector; and
>
> **(5)** a statement that, upon the consumer's
> written request within the thirty-day period, the
> debt collector will provide the consumer with the
> name and address of the original creditor, if
> different from the current creditor.

Id.  In paragraph twenty-one of their complaint, the Potvins allege that they have never received a "written validation" from PLO containing the information listed in §§ 1692g(a)(1)-(5). But, they have made no allegations about their initial communication from PLO, including the form it took, i.e., oral or written.  Their failure to make factual allegations about their initial communication, in turn, is a significant omission, because a failure to provide the written notice required by § 1692g(a) is a violation of the FDCPA only if the information described in §§ 1692g(a)(1)-(5) was not provided to the consumer in the initial communication.  The Potvins' allegation that they never received the written notice required by § 1692g(a) is insufficient to support a claim under that provision because, as the FDCPA recognizes, a debt collector's initial communication may be oral.  See 15 U.S.C. § 1692e(11).  Absent an allegation that PLO did not provide the required information in its initial communication, the Potvins have failed to state a claim under § 1692g(a).

B. Count II

In Count II of their complaint, the Potvins assert that PLO committed three separate violations of RSA chapter 358-C.  Their memorandum of law, however, addresses only one of their three RSA 358-C claims, the second of the three discussed below.  In any event, the Potvins have failed to state a claim under any of the three theories advanced in their complaint.

1. RSA 358-C:3, I(a)

The Potvins' complaint first asserts that "[t]he Defendants' conduct violated RSA 358-C:3 (I)(a) in that Defendants caused the Plaintiff's phone to ring repeatedly and engaged the Plaintiff in telephone conversations at unusual or inconvenient times with the intent to abuse, oppress or harass." Compl. ¶ 43.  As with the Potvins' claim under the analogous federal statute, this claim is too conclusory and too lacking in factual allegations to adequately state a claim on which relief can be granted.  See United Auto. Workers, 633 F.3d at 41; Plumbers' Union, 632 F.3d at 771.

2. RSA 358-C:3, IV(c)(2)

The Potvins next assert that "[t]he Defendants' conduct violated RSA 358-C:3, IV(c)(2) in that Defendants contacted

third parties in regards to the Plaintiff's debt on numerous
occasions, without being asked to do so."  Compl. ¶ 44.  The
statute on which the Potvins rely provides:

> For the purposes of this chapter, any debt
> collection or attempt to collect a debt shall be
> deemed unfair, deceptive or unreasonable if the debt
> collector:

> . . . .

> IV. Communicates or threatens to communicate,
> except by proper judicial process, the fact of such
> debt to a person other than the person who might
> reasonably be expected to be liable therefor; provided
> that the provisions of this paragraph shall not
> prohibit a debt collector from:

> . . . .

> (c) Communicating information relating to
> the debt to the debtor's spouse or, if the debtor
> is a minor, to the parents or guardians of the
> debtor where the purpose of the communication is
> solely to locate the debtor; provided that:

> . . . .

> (2) the debt collector, having once
> communicated with any of said persons, shall
> not again attempt to locate the debtor by
> communicating with said person;

> . . . .

RSA 358-C:3, IV.

Based on the statutory language quoted above, the court is
somewhat confused by the way in which the Potvins have pled

their second claim under chapter 358-C.  While they rely on RSA 358-C:3, IV(c)(2), that provision does not describe a prohibited act, but, rather, is one component of an exception to the prohibition on communicating with third parties stated in paragraph IV.  Turning, then, to the provision on which the Potvins apparently meant to base this claim, the complaint says nothing about the content of PLO's alleged communications with Janice's parents except that those communications referred to a "legal matter."  Compl. ¶ 16.  Thus, the Potvins have failed to adequately allege that PLO communicated "the fact of [a] debt" to Janice's parents, which is the conduct prohibited by RSA 358-C:3, IV.  Moreover, having made no allegations about the debt itself, there are no facts in the complaint which, if proven, would demonstrate that Janice's parents were not persons who might reasonably be expected to be liable for the debt.  See id. Thus, the Potvins have failed adequately to allege a violation of RSA 358-C:3, IV.

### 3. RSA 358-C:3, VII

Finally, the Potvins assert that "[t]he Defendants' conduct violated RSA 358-C, VII in that Defendants falsely represented the character, extent or amount of the debt or its status in any legal proceeding."  Compl. ¶ 45.  Under RSA 358-C:3, VII, it is,

indeed, unlawful for a person to "[m]ake[ ] any material false representation or implication of the character, extent or amount of [a] debt, or of its status in any legal proceeding."  But, because the Potvins have made no allegations concerning any representations made by PLO concerning the character, extent, amount, or legal status of any debt, and have made no allegations about the debt itself against which the truth or falsity of any representation could be evaluated, the Potvins have necessarily failed to state a claim under RSA 358-C:3, VII.

C. Count III

     The Potvins base Count III on RSA 358-C:4, VI, which provides that "[a]ny violation of the provisions of this chapter shall also constitute an unfair and deceptive act or practice within the meaning of RSA 358-A:2 . . ."  Because the Potvins have failed to state a claim under chapter 358-C, they have also failed to state a claim under chapter 358-A.

**Conclusion**

     After carefully evaluating the Potvins' factual allegations against the various causes of action they have asserted, the court concludes that their complaint fails to state any claim on

which relief can be granted.  Accordingly, their motion for default judgment, document no. 14, is denied.

Even in a case with an absent defendant, the court has an obligation to grant default judgment only on claims that are supported by adequate factual allegations.  See In re The Home Restaurants, 285 F.3d at 114.  Because none of the claims asserted in this case is so supported, the Potvins are not entitled to the imprimatur of legitimacy that would be conferred by a default judgment in their favor.  See Feliciano-Hernández, 663 F.3d at 537.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

May 25, 2012

cc:  James D. Kelly, Esq.